IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FONDA FURTIVO,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )  Civil Action No. 07-1332
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of March, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is granted, and the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, denied. The case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not

AO 72
(Rev 8/82)

"disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Plaintiff filed her application for DIB on January 21, 2004, alleging a disability onset date of July 28, 2003, due to back, neck, shoulder, arm and head pain. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 4, 2006, at which plaintiff, who was represented by counsel,

appeared and testified. On July 27, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On August 2, 2007, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 39 years old at the time of the administrative hearing and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. She has past relevant work experience as an office manager, new business assistant and administrative assistant, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of cervical degenerative disc disease and neck and back strain, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed in Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform the full range of sedentary work (the "RFC Finding"). Given plaintiff's residual functional capacity, the vocational expert testified that she could perform her past relevant work. Based upon the vocational expert's testimony, the ALJ concluded that plaintiff could perform her past

relevant work, and determined that she is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further review is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

Here, plaintiff argues that the ALJ's decision that she is not disabled is not supported by substantial evidence because: (1) he improperly relied on a lack of objective evidence as a basis to deny plaintiff's claim based on myofascial pain syndrome, a condition which she asserts is not established by objective evidence, but rather is diagnosed through the presence of specific symptoms; and, (2) he failed to give proper weight to the opinion of her primary care physician, Dr. Michael Yao. After reviewing the ALJ's decision and the record, the court finds that this case must be remanded for additional consideration for the following reasons.

With respect to plaintiff's first argument, two of her treating physicians found that she suffered from myofascial pain in her lower back. Dr. Antoin Munirji, a neurologist, stated that plaintiff suffered from chronic myofascial pain of the lumbar area. (R. 380, 385-86, 391, 397). In addition, Dr. Leo Bidula, a rheumatologist, determined that plaintiff suffered from chronic low back pain due to chronic regional myofascial pain. (R. 352). Despite the conclusion by two treating physicians that plaintiff experiences chronic myofascial pain in her lower back, the ALJ failed to analyze whether that impairment was a severe impairment at step 2 of the sequential evaluation process.[1] For this reason,

---

[1] Myofascial pain syndrome has been recognized as a "potentially severe impairment[] that may support a claim of disability under the Social Security Act." Gonzalez v. Astrue, 537 F.Supp.2d 644, 665 (D.Del. 2008), quoting, Brunson v. Barnhart, 2002 WL 393078, at *15 (E.D.N.Y. Mar. 14, 2002).

the ALJ's step 2 analysis fails to withstand substantial evidence scrutiny.

At step 2 of the sequential evaluation process, the ALJ must determine whether a claimant's impairment is "severe" as defined in the Act. 20 C.F.R. §404.1520(a)(4)(ii). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003), citing, Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). "[An] impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §404.1521(a).

Importantly, the step 2 inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step 2 requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546. "Reasonable doubts on severity are to be resolved in favor of the claimant." Id. at 547; see also McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3d Cir. 2004) (stating that the burden placed on a social security claimant at step 2 is not an exacting one and holding that any doubt as to whether a claimant has made a step 2 severity showing is to be resolved in favor of the claimant).

Here, two of plaintiff's treating physicians found that she suffered from chronic myofascial pain in her lower back. Despite

this evidence, the ALJ made no attempt to ascertain whether chronic myofascial pain of the lower back constituted a severe impairment that had more than a minimal impact on plaintiff's ability to perform basic work activities.[2] The ALJ's failure to do so is clear error, and this case must be remanded.

On remand, the ALJ must revisit his step 2 finding after consideration of all of the evidence of record, and determine whether plaintiff's chronic myofascial pain of the lower back is a severe impairment. If after reconsideration the ALJ concludes that plaintiff's chronic myofascial pain of the lower back is not a severe impairment, he must explain his reasons for that conclusion. Further, on remand the ALJ must reconsider the RFC Finding with regard to additional limitations, if any, arising from plaintiff's chronic myofascial pain of the lower back.[3]

---

[2] As stated above, the ALJ determined that plaintiff suffers from the severe impairments of cervical degenerative disc disease and neck and back strain. Although the ALJ found that plaintiff suffers from neck and back strain, whether plaintiff's myofascial pain in her lower back is a severe impairment is a separate matter. Unlike the generic problem of "back strain", myofascial pain syndrome is a chronic form of muscle pain which, unlike normal muscle pain, does not resolve in a few days. The pain is centered around sensitive muscle points called trigger points which are painful when touched; locations of the trigger points include the jaw, neck, low back, pelvis and the extremities. See description at www.mayoclinic.com/health/myofascial-pain-syndrome/DS01042 (last visited March 11, 2009).

[3] The court has considered plaintiff's other argument raised on appeal that the ALJ gave inadequate weight to the opinion of Dr. Michael Yao, who was her primary care physician, and finds that argument to be without merit. Dr. Yao's first opinion that plaintiff was unable to work was stated in a letter dated May 7, 2004. (R. 264-65). Dr. Yao admitted it would have been premature at that juncture to state that plaintiff was permanently disabled. (R. 265). Dr. Yao stated on April 6, 2005, and February 3, 2006,

AO 72
(Rev. 8/82)

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 South Braddock Avenue
Suite 570
Pittsburgh, PA 15218

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

---

that plaintiff was "disabled from work." (R. 362, 446). However, on both occasions, Dr. Yao's opinion was set forth in a conclusory two-sentence letter directed "to whom it may concern" without any support for his opinion. For these reasons, the court concludes that the ALJ properly gave Dr. Yao's opinion little weight. (R. 25).